United States District Court
Southern District of Texas
**ENTERED**
April 06, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| ESTATE OF JEFFREY L. PETERS *et al.*, § § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 3:21-CV-256 |
| § | |
| GALVESTON COUNTY *et al.*, § § | |
| Defendants. § | |

## ORDER

Before the court is the defendants Boon-Chapman Benefit Administrators, Inc., Soluta, Inc., Soluta Health, Inc., Gary Killyon, and Kathy White A/K/A Kathy Jean Jordan ("Healthcare Defendants")'s motion to dismiss under Rules 12(b)(4), 12(b)(5), and 4(m). Dkt. 42. The motion addresses the plaintiffs' failure to properly serve the Healthcare Defendants with the live complaint within 90 days after the suit was filed.[1] *Id.* at 3.

The plaintiffs respond that they have amended out Killyon and White from the most recent (Corrected) Second Amended Complaint and served Boon-Chapman and Soluta on January 7, 2022, Dkt. 55 at 2–3, but they did so only with the non-live complaint. The plaintiffs represent that the statute

---

[1] The Boon-Chapman and Soluta Defendants were not properly served within 90 days given that they were served with a non-live Original Complaint 108 days after the suit was filed. Killyon and White were never served at all. Dkt. 42 at 3.

of limitations has expired for their claim, and that a motion to dismiss based on failure to timely serve process would result in a dismissal with prejudice although the rules require the dismissal be without prejudice. *Id.* at 2.

The Fifth Circuit has held that if "the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir.2008)). "Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 512–13 (internal quotations omitted).

To avoid such a fate, the plaintiffs are ordered to serve the remaining Healthcare Defendants with the live complaint no later than April 29, 2022.

Signed on Galveston Island this 6th day of April, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE