UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| Estate of Jeffrey L. Peters and Jaryd Peters, Individually and as Representative of Estate of Jeffrey L. Peters § § § § § *Plaintiffs*, § § v. § § Galveston County, et al. § § *Defendants*. § § § § | Civil No. 3:21-CV-00256 |

**REPLY IN SUPPORT OF
DEFENDANT DR. ERIN BARNHART, M.D.'S MOTION TO DISMISS**

Defendant Dr. Erin Barnhart, M.D. files this Reply in Support of her Motion (Dkt. #65) to Dismiss Plaintiffs' Corrected Second Amended Complaint (Dkt. #54).

**1. Arguments and Authority in Reply**

1.1 As Plaintiffs have filed their Complaint and Amended Complaints, they have changed the defendants named in the style of the case (in part) from

"CHIEF MEDICAL EXAMINER, ERIN BARHART in her *individual capacity*"[1] to

"CHIEF MEDICAL EXAMINER, ERIN BARNHART in her *individual capacity*"[2] to

"CHIEF MEDICAL EXAMINER, DR. ERIN BARNHART, in her *Official capacity*."[3]

---

[1] Dkt. #1, emphasis in original.

[2] Dkt. #27, emphasis in original.

[3] Dkt. #54, emphasis in original.

The last change is found in the Corrected Second Amended Complaint. While it suggests Plaintiffs had elected to proceed against Dr. Barnhart in an official capacity only, the balance of the amended complaint was unclear on this issue. Dr. Barnhart raised this concern in her Rule 12(b)(6) motion. *See* Dkt. #65 at ¶ 3.2. In response to the motion, Plaintiffs now stake out a clear position, stressing that

> "The asserted claims against Dr. Erin Barnhart are based on both her acting in her official capacity as a Medical Examiner for Galveston County and in Barnhart's individual capacity."[4]

> "Defendant Dr. Erin Barnhart is and was at all times relevant to this action the chief medical examiner for the Galveston County jail and a licensed physician acting in her official capacity and individual capacity."[5]

> "The Medical Examiner, acting in her official capacity, and individual capacity, Dr. Erin Barnhart, District attorney, and Sheriff of Galveston agreed not to release the autopsy or videos in the jail to the family."[6]

    1.2  Plaintiffs then argue the official capacity claim against Dr. Barnhart – what they call the "*Monell* claims" – need not meet a heightened pleading standard. *See* Dkt. #78 at 8. And at page nine, Plaintiffs complain that "Defendants, Medical Examiner, Dr. Erin Barnhart, Galveston County, and Sheriff Henry Trochesset seek to hold Peters to the impermissible heightened pleading standard …."

---

[4] Dkt. #78 at 8.

[5] *Id.* at 14.

[6] *Id.* at 24-25.

1.3  Taken together, these arguments suggest several reasons why the Court should dismiss the claims against Dr. Barnhart.

1.3.1  First, Plaintiffs conspicuously assert official capacity claims against Dr. Barnhart, to be considered in conjunction with claims against named defendants Galveston County and its sheriff. So, as Dr. Barnhart asserted in her motion to dismiss, the claims against her are redundant of the other claims asserted by Plaintiffs.[7] Her dismissal as to any official capacity claims is appropriate for that reason alone.

1.3.2  Second, Plaintiffs respond that their pleading alleges facts "identifying a policymaker, a policy or custom, and a violation of Peters' constitutional rights, which resulted in his death, and which cause of death are the policies identified." *See* Dkt. #78 at 12. Elsewhere they rely on their allegations of an official policy regarding the "cost-saving denial and delay of medical treatment of mental health issues" which was "the moving force in Peters' death." *Id.* at 18. But Dr. Barnhart has been sued as a medical examiner in connection with the alleged non-release of an autopsy report (not the autopsy itself, which Plaintiffs acknowledge was performed by someone else). It is nonsensical to claim the release or non-release of a post-mortem examination report resulted in the death of the deceased person examined. There is no plausible claim that any action or

---

[7] There are places in the Plaintiffs' response that have nothing to do with the claims against Dr. Barnhart or the issues presented in her Motion to Dismiss. For example, Plaintiffs reference the assertions of "Defendants" about deaths after Mr. Peters, which must be referring to arguments raised by other defendants. *See* Dkt. #78 at 13.

"policy" of Dr. Barnhart caused Plaintiffs' decedent's death. Indeed, another part of the Plaintiffs' response plainly asserts they are "not seeking to recover from Barnhart for the death of Mr. Peters …." Dkt. #78 at 25 (Heading F). The various arguments are not compatible.

The same is true of the argument that Plaintiffs can defeat Dr. Barnhart's motion to dismiss based on their allegations about policies "relating to the treatment of individuals experiencing anxiety, depression, and the proper medical care for serious medical needs, particularly those with mental health issues, and the general medical treatment of inmates housed in the Galveston County Jail." These too have no connection to Dr. Barnhart's alleged role in the custody or release of an autopsy report.

1.3.3  Third, Plaintiffs have not established an alleged constitutional violation as to Dr. Barnhart's limited role in the facts of this case. They reference the Texas Public Information Act but do not show how the Act's provisions rise to the level of a protected property interest cognizable under the Fourteenth Amendment.[8] In a footnote, they reference the nature of protected health information under the Health Insurance Portability and Accountability Act (HIPAA) and give a few conclusory words in the

---

[8] Two claims which may be asserted under the due process clause of the Fourteenth Amendment through section 1983 are: (1) procedural due process claims which prohibit the deprivation of a protected right without due process or fair procedure; and (2) substantive due process claims which prohibit certain arbitrary, wrongful government actions irrespective of any procedures in place to guarantee fairness. *Zinermon v. Burch*, 494 U.S. 113, 124-25 (1990). Plaintiffs make no effort to show how their dispute about the release of an unredacted autopsy report fits into either type of claim.

response about it. *See* Dkt. #78 at 10 (referencing a policy and practice of "failing and refusing to comply with the Texas Public Information Act, HIPAA, Texas Administrative Code and the Texas Government Code" requiring "an autopsy to the family"). But the Corrected Second Amended Complaint has no reference at all to HIPAA, so that can't be a viable theory of liability.

They also claim the Texas Public Information Act would permit a direct action under state law against Dr. Barnhart. Yet the amended complaint has no such cause of action. *See* Dkt. #54 at V CLAIMS (asserting nine causes of action). Plaintiffs also ignore the fact that such a claim would be subject to the assertion of Dr. Barnhart's governmental immunity.[9] *Flores v. Sanchez*, No. EP-04-CA-056-PRM, 2005 U.S. Dist. LEXIS 15417 (W.D. Tex. July 29, 2005) (explaining an employee of a governmental unit sued in her official capacity may raise any defense available to the governmental unit, including sovereign immunity) (citing *Nueces County v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi 2002, no pet.)).

And even if this claim was actionable, Dr. Barnhart would be entitled to dismissal under Tex. Civ. Prac. & Rem. Code § 101.106(f). Pursuant to section 101.106, if a suit is filed against an employee of a state governmental unit based on conduct within the

---

[9] Dr. Barnhart and UTMB and Galveston County have governmental immunity from suit to the extent that immunity has not been waived by the Legislature. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). That immunity is only waived by clear and unambiguous language. *Tooke v. City of Mexia*, 197 S.W.3d 325, 328-29 (Tex. 2006).

general scope of that employee's employment and if it could have been brought under Chapter 101 against the state governmental unit, the suit is considered to be against the employee in the employee's official capacity only. Under state law and on Dr. Barnhart's motion, the suit against her "shall be dismissed" unless Plaintiffs filed an amended pleadings dismissing Dr. Barnhart and naming the governmental unit as defendant. (Here, Galveston County is already a defendant. This again underscores that all of the claims against Dr. Barnhart are redundant of Plaintiffs' claims against Galveston County. *Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 356 (Tex. 2013) (explaining that a suit against a government official acting in an official capacity is "merely another way of pleading an action against the entity of which the official is an agent")).

    1.3.4 Fourth, Plaintiffs argue they have asserted a failure to train and supervise claim against Dr. Barnhart. *See* Dkt. #78 at 24. There is no plausible basis to read the Corrected Second Amended Complaint as asserting supervisor liability against Dr. Barnhart. The asserted cause of action for "supervisor liability" is directed only at "Sheriff Trochesset" and "nurse Kathy White." *See* Dkt. #54 at ¶ 128. Nor would there be grounds to have made that claim: The suggestion that the failure to produce a post-mortem report of death was the "moving force of the constitutional violation" and the death of Peters is not credible. And who are the subordinates in question?

    1.4 Lastly, while Plaintiffs don't acknowledge it directly in their response, their instance on pursing claims against Dr. Barnhart in an individual capacity does require a

pleading that meets the heightened pleading standard. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc) (establishing Rule 7 heightened pleading procedure); *Brown v. Tex. A&M University*, 804 F.2d 327, 333 (5th Cir. 1986) (section 1983 actions that raise the issue of qualified immunity "necessitate heightened pleading standards"). "Heightened pleading in qualified immunity cases requires that plaintiffs rest their complaint on more than conclusions alone and plead their case with precision and factual specificity." *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003). The allegations must be particular to Dr. Barnhart, not the collective and joint conspiracy claims that make up much of the response. *See* Dkt. #78 at 15, 23.[10] *Compare with Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007).

1.5  In all these ways, the pleading fails. Plaintiffs make no effort to show how their theories of liability against Dr. Barnhart can overcome her assertions of qualified immunity, or even show viable constitutional deprivations. The order in which the Court takes up those two issues is within its discretion. *Mayfield v. Currie*, 976 F.3d 482, 486 (5th Cir. 2020). But whatever the order, the result is the same. Plaintiffs have not alleged a violation of a statutory or constitutional right and that Dr. Barnhart's alleged actions were objectively unreasonable in the light of clearly established law at the time of the violation. *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). Since this is the third

---

[10] Plaintiffs again argue well beyond their pleading, saying in a stray remark that they have asserted "federal conspiracy claims to obstruct justice" against Dr. Barnhart. *See* Dkt. #78 at 24. Not so.

amendment of the complaint, Dr. Barnhart should be entitled to dismissal without further repleading.

### 2. Conclusion and the Relief Sought.

2.1  For all these reasons, and those set out in her motion, Defendant Dr. Erin Barnhart, M.D. requests the Court grant dismissal under Rule 12(b)(6) as to the claims against her in Plaintiffs' Corrected Second Amended Complaint.

>Respectfully submitted,
>
>FELDMAN & FELDMAN P.C.
>
>By: */s/ George W. Vie III*
>    George W. Vie III
>S.D. Tex. No. 12402
>State Bar No. 20579310
>3355 W. Alabama St., Suite 1220
>Houston, TX 77098
>713.986.9471
>*george.vie@feldman.law*
>
>Attorneys for Defendant
>Dr. Erin Barnhart, M.D.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that service on counsel for all parties will be accomplished through CM/ECF.

>*/s/ George W. Vie III*