IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ESTATE OF JEFFERY L. PETERS AND JARYD PETERS, INDIVIDUALLY AND AS REPRESENTATIVE OF ESTATE OF JEFFERY L. PETERS, <br> Plaintiffs, <br><br> v. <br><br> GALVESTON COUNTY, SHERIFF HENRY TROCHESSET, *in his individual capacity,* BOON-CHAPMAN BENEFIT ADMINISTRATORS INC., SOLUTA, INC., SOLUTA HEALTH, INC., CHIEF MEDICAL EXAMINER, ERIN BARNHART in her *individual capacity* and Officer MCINNIS in his *individual capacity,* <br> Defendants. | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:21-cv-00256 <br><br> JURY DEMANDED |

**DEFENDANTS GALVESTON COUNTY AND SHERIFF TROCHESSET'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' (CORRECTED) SECOND AMENDED COMPLAINT**

Defendants GALVESTON COUNTY ("County") and SHERIFF HENRY TROCHESSET ("Sheriff Trochesset") (collectively, the "County Defendants") file this Reply in Support of Their Motion to Dismiss Plaintiffs' (Corrected) Second Amended Complaint[1] to address the issues and arguments raised in Plaintiffs' Amended Response ("Response"),[2] and in support thereof, would respectfully show the Court the following:

---

[1] Dkt. No. 61.
[2] Dkt. No. 74.

## I.     ARGUMENTS & AUTHORITIES

**A.     Plaintiffs Admit Peters was a Pretrial Detainee, and, Therefore, Plaintiffs' *Monell* Claim Based on the Eighth Amendment Fails as a Matter of Law Because the Eighth Amendment is Not Applicable to Pretrial Detainees**

Plaintiffs readily admit that Decedent Jeffrey Peters ("Peters") was a pre-trial detainee.[3] Fifth Circuit caselaw is clear—and Plaintiffs do not contest—that the Eighth Amendment is only applicable to convicted prisoners, not pretrial detainees. "Pretrial detainees and convicted prisoners, however, look to different constitutional provisions for their respective rights to basic needs such as medical care and safety." *Hare v. City of Corinth*, 74 F.3d 663, 639 (5th Cir. 1996). "The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment," while "[t]he constitutional rights of a pretrial detainee . . . flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Id.* Accordingly, Plaintiffs have no basis to bring a claim pursuant to the Eighth Amendment.

In Plaintiffs' own words, Count One asserts a *Monell* claim against the County based <u>solely</u> on the Eighth Amendment.[4] Plaintiffs have had at least (3) opportunities to address this legal defect, but have not done so. Therefore, Plaintiffs' Count One *Monell* claim against the County is subject to dismissal as a matter of law.

Despite the clear language in their Complaint with respect to Count One, Plaintiffs begin their argument in their Response by inaccurately claiming that Count One is brought under the Fourteenth Amendment.[5] In fact, it is only Plaintiffs' Count <u>Eight</u> which asserts

---

[3] *See* Pls.' Am. Resp. at 13; *see also* Pls.' (Corrected) Second Am. Compl., ¶ 11.
[4] Pls.' (Corrected) Second Am. Compl., ¶ 118.
[5] *See* Pls.' Am. Resp. at 13.

a Fourteenth Amendment claim.[6] This claim is only brought against the individual County deputies, Deputy McInnis and Deputy Campo,[7] not against the County or Sheriff Trochesset. Consequently, Plaintiffs' arguments about their Fourteenth Amendment claim are irrelevant and immaterial to the legal deficiency of their Count One.

**B.      The Failure to Train and Supervise Claim is Raised Against Sheriff Trochesset in His Official Capacity Only, and, Thus is Duplicative of the Claim Against the County and Subject to Dismissal**

Plaintiffs admit that they are not asserting any claims against Sheriff Trochesset in his individual capacity.[8] Thus, the only claims against Sheriff Trochesset are in his official capacity, which caselaw is clear is the same as asserting claims against the County. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). In such circumstances, dismissal of the redundant official capacity claims against the official is appropriate. *See, e.g., Graham v. Hodge*, 619 F. App'x 394, 395 (5th Cir. 2015) (affirming dismissal of Sheriff in his official capacity where County is also a defendant); *Johnson v. Hurtt*, 893 F. Supp. 2d 817, 828 (S.D. Tex. 2012) ("[W]ith respect to Plaintiff's official capacity claims against Chief McClelland, the Court finds that these claims should be dismissed as they are simply another way of pleading against the City, which is already a party to this action."). Plaintiffs also do not contest dismissing the claims against Sheriff Trochesset in his official capacity.[9] For these two (2) reasons, dismissal is appropriate

---

[6] Pls.' (Corrected) Second Am. Compl., ¶¶ 163–67.
[7] Neither Deputy McInnis nor Deputy Campos has entered an appearance in this matter. Based on information and belief, Deputy McInnis has not been served with process. Additionally, it is unclear whether Plaintiffs intend to name Deputy Campos as an individual defendant in this matter.
[8] Pls.' Am. Resp. at 11.
[9] *Id.* at 26.

here.

C. **Plaintiffs' Failure to Train and Supervise Claim Against the County Fails as a Matter of Law Because There are No Specific Allegations That Sheriff Trochesset Failed to Train or Supervise Jail Staff or Had Actual Knowledge of Any Alleged Deficient Training or Supervision and There are No Allegations Establishing Deliberate Indifference**

Plaintiffs' reliance on *Callegari v. Thomas* is inapposite here; in fact, it supports the County Defendants' argument more than Plaintiffs. *Callegari v. Thomas*, No. H-06-2843, 2006 WL 3448630, at *6–7 (S.D. Tex. Nov. 28, 2006). *Callegari* confirms that to "state a failure to train claim against the county[,] plaintiff must allege (1) inadequate training procedures; (2) inadequate training caused the constitutional violation at issue, in this case the denial of medical care to [decedent]; and (3) deliberate indifference of county policymakers." *Id.* at *6. The Court in *Callegari* held that "the isolated incident of [decedent]'s death alleged by plaintiff is not by itself sufficient to demonstrate a requisite policy or custom for purposes of imposing liability on" Harris County. *Id.* The Court ultimately dismissed the plaintiff's failure to train and supervise claim, holding that:

> "These conclusory allegations that Harris County tolerated the misconduct of its officers by failing to supervise, discipline, or train its deputies are insufficient to state a claim for which relief may be granted in this case because they are not accompanied by allegations that [decedent] was denied medical care by sheriff's deputies, or that it should have been apparent to [the Sheriff] or any other county policymaker that violation of Booker's constitutionally protected right to medical care was the highly predictable consequence of the county's alleged failure to train its deputies."

*Id.* at *7.

Similarly, here, Plaintiffs only provide conclusory allegations that Sheriff Trochesset failed to train or supervise the employees of the County Jail. There are no

-4-

specific allegations regarding what training was missing or how the provided training was inadequate. There are no allegations that Sheriff Trochesset had actual knowledge of the medical treatment provided to Peters or Peters' incarceration generally. There are also no allegations connecting any conduct of Sheriff Trochesset with the alleged violation of Peters' constitutional rights. Just as with *Callegari*, Plaintiffs' cause of action is simply conclusory.

Additionally, as in *Callegari*, Plaintiffs' allegations of deliberate indifference are conclusory. The list of other alleged custodial deaths at the County Jail are immaterial to establishing deliberate indifference here. None of the descriptions of those other alleged incidents contain any allegations about inadequate training or supervision. Furthermore, there are no allegations that Sheriff Trochesset actually "drew the inference" that there were deficiencies in training or supervision based on these other incidents presented by Plaintiffs. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) ("For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). These allegations of other supposed "bad acts" do not, and cannot, distract from the insufficiencies in Plaintiffs' Complaint.

**D.     Because There are No Allegations that Sheriff Trochesset Reviewed and Approved of Any Conduct Relating to Peters, There is No Ratification**

Just as with *Callegari*, Plaintiffs' reliance on *Winslow v. Harris Cty.* is useless to them. *Winslow v. Harris Cty.*, No. H-07-767, 2009 WL 1715152, at *27–28 (S.D. Tex.

June 8, 2009). *Winslow* does not stand for the proposition that ratification can be found in circumstances where "extreme factual scenarios" are not present, as Plaintiffs' Response seems to indicate.[10] *Id.* Instead, *Winslow* provides, as the County Defendants stated in their Motion to Dismiss, that "Ratification occurs 'when a subordinate's decision is subject to review by the municipality's authorized policymakers,' and 'the authorized policymakers approve the subordinate's decision and basis for it.'" *Id.* at *28 (quoting *James v. Harris Cty.*, 508 F. Supp. 2d 535, 554 (S.D. Tex. 2007)). Further, "[i]f claiming ratification, Plaintiff must have some evidence that a policymaker knew and approved of the use of the [at-issue conduct] and that the policymaker knew that the [at-issue conduct] violated Plaintiff's constitutional rights. *Id.* (granting summary judgment for defendants on plaintiff's ratification claim).

The caselaw is clear that ratification requires some affirmative action by a policymaker to review and adopt the subordinate's conduct. Here, Plaintiffs' claim rests entirely on allegations of <u>inaction</u>:

- "nothing was done [by Sheriff Trochesset] to remedy the medical complaints or the visible injuries [of Peters];"[11] and

- "Corporal McInnis was not criminally indicted for his conduct in [allegedly] beating the unarmed Peters[.]"[12]

The failure to investigate an incident does not state a claim for ratification. *See Taylor v. Hartley*, 488 F. Supp. 3d 517, 538 (S.D. Tex. 2020) ("But even if the court were to infer that the Harris County Sheriff or some other policymaker received [plaintiff's] demand

---

[10] *Id.* at 27.
[11] Pls.' (Corrected) Second Am. Compl., ¶ 132.
[12] Pls.' Am. Resp. at 28.

letter and failed to subsequently investigate, it wouldn't sufficient state a ratification claim under Fifth Circuit precedent."). Nor does the failure to take disciplinary action state a ratification claim. *Id.*; *see also Milam v. City of San Antonio*, 113 F. App'x 622, 627 (5th Cir. 2004). There are no allegations in Plaintiffs' Complaint that Sheriff Trochesset reviewed and affirmatively adopted any of the conduct related to Peters. Consequently, Plaintiffs have failed to state a *Monell* claim under a theory of ratification.

E.  **Plaintiffs Do Not Contest that Their Asserted Condition of Confinement Claims is Truly an Episodic Act or Omission Claim**

In their thirty-two (32) page Response, Plaintiffs do not address the County Defendants' argument that their asserted condition of confinement claim is truly an episodic act or omission claim because it is based on the County's alleged failure to provide adequate medical treatment to Peters.[13] Therefore, the Court may take the failure to respond as a representation of no opposition. *See* Local Rule LR7.4. For this reason alone, Plaintiffs' condition of confinement claim is subject to dismissal.

F.  **Even if the Plaintiffs Properly Plead a Condition of Confinement Claim, It Still Fails as a Matter of Law Because the County Had a Legitimate Reason for Placing Peters in the FSP Cell**

Even if Plaintiffs adequately plead a condition of confinement claim (which is denied), such claim would still be subject to dismissal because the County had a legitimate reason for placing Peters in an FSP (full suicide prevention) cell. Plaintiffs' assertion that Peters should have been given medical care instead of being placed in the FSP does not

---

[13] *See id.* at 28–29.

salvage their claim.[14] Plaintiffs' Complaint is clear—nor do they deny in their Response—that Peters made suicidal comments to County Jail Staff.[15] These comments warranted the County Jail staff immediately placing Peters on suicide watch and in a suicide prevention cell for his own protection. A plain reading of the Complaint demonstrates that the County did not place Peters in the FSP cell because its employees did not want to provide him medical care; he was placed in the FSP cell because he expressed suicidal ideations. There is no more legitimate reason for placing an inmate in an FSP cell. Accordingly, this claim, if even adequately pled, is subject to dismissal as a matter of law.

### G. Plaintiffs' State Law Claims for Wrongful Death and Survivorship Under Texas Civil Practice and Remedies Code Chapter 71 are Barred by Immunity

The County Defendants accept Plaintiffs' affirmation that they are not asserting any state law negligence claims.[16] To the extent that Plaintiffs are asserting separate causes of action pursuant to Texas' survival and wrongful death statutes (Texas Civil Practice and Remedies Code Chapter 71), those claims are barred by governmental immunity. A court in this district (in a matter involving the same claim and the same counsel for Plaintiffs and the County Defendants) has held that "courts generally find that there is no waiver of immunity under Chapter 71." *Nichols v. Brazos County, et al.*, No. H-19-2820, 2020 WL 956239, at *12 (S.D. Tex. Feb. 26, 2020) (holding that because there is no waiver of immunity, plaintiff could not sue the county under Texas' survival and wrongful death

---

[14] *Id.*
[15] *Id.*; *see also* Pls.' (Corrected) Second Am. Compl., at 4 (paragraph not numbered).
[16] Pls.' Am. Resp. at 29.

statutes). Therefore, the County Defendants respectfully request that these claims, to the extent they are raised, be dismissed.

## II. PRAYER

Based on the foregoing, the County Defendants pray the Court grant their Motion to Dismiss and order that all of Plaintiffs' claims against them be dismissed with prejudice. The County Defendants also pray that the Court grant such other and further relief to which they are justly entitled.

Respectfully submitted,

*/s/ Rejda Ponce*

**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Federal I.D. No. 18830
**Carmen Jo Rejda-Ponce – Of Counsel**
State Bar No. 24079149
Federal I.D. No. 1366666
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR THE COUNTY DEFENDANTS, GALVESTON COUNTY AND SHERIFF HENRY TROCHESSET**

-10-

## CERTIFICATE OF SERVICE

      I certify that on the 26th day of May 2022, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Carmen Jo Rejda-Ponce*
**Carmen Jo Rejda-Ponce**