IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ESTATE OF Jeffery L. PETERS AND JARYD PETERS, INDIVIDUALLY AND AS REPRESENTATIVE OF ESTATE OF JEFFERY L. PETERS<br>Plaintiffs,<br><br>v.<br><br>GALVESTON COUNTY, SHERIFF HENRY TROCHESSET, *in his individual capacity*, BOON-CHAPMAN BENEFIT ADMINISTRATORS INC., SOLUTA, INC, SOLUTA HEALTH, INC, KATHY WHITE, AKA, KATHY JEAN JORDAN, i*n her individual capacity,* DR. GARY KILLYON, in his individual capacity, CHIEF MEDICAL EXAMINER, ERIN BARNHART in her *individual capacity* and JOHN DOE Unknown officer(s) and JOHN DOE Unknown Jailer(s), acting in their *individual capacities*<br>Defendants, | § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>3:21-cv-00256<br>JURY DEMANDED |

**RESPONSE IN OPPOSITION TO DEFENDANTS BOON-CHAPMAN BENEFIT ADMINISTRATORS, INC., SOLUTA, INC. AND SOLUTA HEALTH, INC.'S MOTION TO DISMISS CORRECTED SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. p. 12(B)(4)-(5) AND 4(M)**

TO THE HONORABLE DISTRICT JUDGE JEFFREY V. BROWN:

1

Plaintiffs files this their Response to Defendants Response in Opposition to Defendants Boon-Chapman Benefit Administrators, Inc., Soluta, Inc. and Soluta Health, Inc.'s Motion to Dismiss Corrected Second Amended Complaint Pursuant To Fed. R. Civ. P. 12(B)(4)-(5) And 4(M) and would respectfully show the Court as follows:

**INTRODUCTION AND BACKGROUND**

**Soluta and Boon-Chapman were served with summons and the live complaint Amended Complaint on April 27, 2022**

On April 27, 2022 Soluta and Boon-Chapman were served with the Live Plaintiff's (Corrected) Second Amended Complaint [Doc 54]. After Kevin Chapman, president of Boon-Chapman and Soluta Health, was personally served with the summons and Plaintiff's (Corrected) Second Amended Complaint a return was filed on April 28, 2022. [Doc 75]. See Ex. 1, 2 &3. Soluta and Boon-Chapman now seek this court to apply a state law procedure applied to citations that request a description of the document served within the citation and requires a new citation describing the amended document be requested when a petition is

amended. That is not the procedural process in the 5th circuit or federal courts related to summons.

**There is no Federal Requirment to Request a New Federal Summons based on the Amendedment of a Complaint**

The A federal summons vs. a state petition in Texas have different requirements that are not interchangeable.

Further, Soluta and Boon-Chapman had already been served with the Original Complaint at a time when an amended complaint was the live pleading in the above-entitled case.

Soluta raised its objection and sought dismissal on the grounds that it was not served with the amended complaint. This court appropriately resolved this issue and allowed Plaintiff additional time to serve the amended complaint. Pursuant to the court's order granting Plaintiff additional time to serve the Defendants, Soluta Health and Boon-Chapman, with the Second Amended Complaint, Plaintiff personally served these defendants with the Amended Complaint on April 27, 2022. [Doc. 67]. The proof of service was filed with the court a second summons was not filed.( Exhibit#1)

**There is no binding legal authority is cited for Defendant's apparent assertions that a new summons must be issued before service of the amended complaint.**

Now, in this second Motion to Dismiss, Defendants Soluta and Boon-Chapman assert that the service on Boone Chapman and Soluta is now ineffective without the issuance of a new summons. In Defendant's motion,

Plaintiffs, here, further argues that the Court should apply the standard articulated in Federal Rule of Civil Procedure 15(c)(1)(C) ("Rule 15(c)(1)(C)") to find that service was sufficient because Defendant "'(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" (quoting Fed. R. Civ. P. 15(c)(1)(C)). However, Rule 15(c)(1)(C) does not apply here. Rather, Rule 15(c)(1)(C)—which establishes when an amended pleading can "relate back" to the date of the original pleading—applies when the statute of limitations would otherwise bar a claim brought in the amended pleading. *Krupski v. Costa Crociere S. p. A*, 560 U.S. 538, 541, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010). Even when an amended complaint relates back to the original complaint under Rule 15(c)(1)(C), the party filing the

4

amended pleading must still serve any new defendant in compliance with Rule 4(m). *Tapp v. Shaw Envtl., Inc.*, 401 F. App'x 930, 933 (5th Cir. 2010). *Kaden v. Chamisa Arts, Inc.*, 2016 U.S. Dist. LEXIS 92814, *22-23

Here, Plaintiff served Defendants with the original complaint in compliance with Rule 4(m) and the amended complaint while Defendant was served no second summons was served.

Rule 4(m) gives a plaintiff 120 days after filing the complaint to make service. Fed. R. Civ. P. 4(m). If service is not made within this timeframe, a court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Whether any particular circumstances amount to "good cause" necessarily depends on the unique facts in the case at issue. L*indsey v. U.S. R.R. Ret. Bd.*,101F.3d 444, 446 (5th Cir. 1996). However, to establish good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect." *Id.* "Inadvertence," "mistake," or "ignorance of the rules" usually do not show excusable neglect. *Id.* Here during the Covid

Pandemic a mistake was made as to whether a previous summon was sufficient or a new summons was required.

Even if the plaintiff does not show good cause, "the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F. 3d 321m 325 (5th Cir. 2008). The Fifth Circuit has approved of discretionary extensions "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* It has also required an extension where the plaintiff proceeded *in forma pauperis* and the court failed to direct the U.S. Marshals to effect service for the plaintiff *Lindsey,* 101 F.3d at 446.

We disagree with Defendant's assertion and it appears that Defendant is conflating State law service of citation rules with Federal court service of process rules with a citation.

Rule 4 is intended to provide defendants fair notice of claims against them. As the Supreme Court stated in *Henderson v. United States*, 517 U.S. 654, 671 (1996), "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections" Valid service of process is also required before a court ann assert personal jurisdiction over the defendant. See *J.O. Alvers , Inc. v. Rainbow Textiles, Inc.* 168 F.R.D. 201.

202 (S.D. Tex. 1996)   Here, it is undisputed that Boone Chapman and Soluta were served on January 7, 2022 with the Original complaint and a Summons. See [Doc 82, page 2]. Subsequently, they were served with the amended complaint and a proof of service was filed evidencing their receipt of the amended complaint. Thus, these Defendants are on notice of the pendency of a legal action, in a manner and at a time that affords them a fair opportunity to answer the complaint and present defenses and objections.

Accordingly, since defendants, Boon Chapman and Soluta's president Kevin Chapman was personally served with the live complaint Plantiff's Corrected Second Ameneded Complaint, Plaintiffs respectfully request the court to deny the Defendants' Motion to Dismiss and require Defendants' to answer the merits of the claims or alternatively if the court dismiss for insufficient service either dismiss without prejudice.

Respectfully submitted,
/s/ *Debra V. Jennings*
Law Office of Debra Jennings
Debra V. Jennings
State Bar No. 10631850
Federal Bar No.14373
6140 HWY 6, # 269
Missouri City, TX 77459
Attorney for Plaintiff
Phone: (832) 904-4666
Fax:   1(832) 442-3700
Email: *lawyerdvj@gmail.com*

By: /S/U.A. Lewis

The Lewis Law Group, PLLC.
U. A. Lewis
State Bar No. 24076511
Federal Bar No. 1645666
P. O. Box 27353
Houston, TX 77227
Telephone: (713)570-6555
Facsimile: (713) 581-1017
ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2022, this Response in opposition to Motion to Dismiss was filed pursuant to District Courts electronic filing system, and a copy was served via facsimile on all Attorneys of record for each Defendant.

/s/Debra V. Jennings
*Debra V. Jenning*s

8